UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL D. AMMERMAN,

                      Plaintiff,

v.                                                    Case No. 24-cv-1379-pp

DENISE VALERIUS, *et al.*,

                      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 9) AND SCREENING AMENDED COMPLAINT (DKT. NO. 9-2) UNDER 28 U.S.C. §1915A**

      On January 22, 2025, the court screened plaintiff Paul D. Ammerman's *pro se* complaint under 42 U.S.C. §1983 and allowed him to proceed on claims under the Eighth Amendment against officials at Columbia Correctional Institution. Dkt. No. 6. On February 18, 2025, the court received the plaintiff's motion to amend his complaint and a proposed amended complaint. Dkt. No. 9. The plaintiff asks to amend his complaint because of "inaccuracies that may have been [his] fault." Id. at ¶1. He first says that on page 4 of the court's previous order, the court incorrectly stated that the plaintiff had filed a previous lawsuit about his inadequate treatment for his prediabetes or diabetes. Id. (citing Dkt. No. 6 at 4). He says that his previous lawsuit "was not about diabetes but was relating to deliberate indifference to another medical issue." Id. The plaintiff next recounts that the screening order stated that "[i]t was only after he was diagnosed with Type-2 diabetes and transferred to

1

another state prison that he was prescribed medication and given a diabetic diet." Id. at ¶2 (quoting Dkt. No. 6 at 7). The plaintiff clarifies that "he was given metaformin [*sic*] and glipsi [*sic*] for diabetes type-2, however he was not given a diabetic diet until he was at WRC [the Wisconsin Resource Center]." Id. Finally, the plaintiff seeks "to amend his relief to reflect the 'continuing violation.'" Id. at ¶3. The court suspects that this amendment is a response to the court noting in the previous order that the plaintiff's claims may be untimely (although the court nonetheless allowed his claims to proceed past screening). Dkt. No. 6 at 9–10. The plaintiff does not specify any other changes in his amended complaint, nor does he say whether his amended complaint proposes any other new facts, new claims or new defendants.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The court electronically transmitted the complaint for service on the defendants on January 22, 2025, and they had not responded before the plaintiff filed his motion for leave to amend his complaint. The court will grant the plaintiff's motion to amend his complaint and will screen the proposed amended complaint. Dkt. No. 9-2.

I.  **Screening the Amended Complaint**

    A.  Federal Screening Standard

As the court explained in the previous order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental

entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d

3

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The amended complaint names the same five defendants as the original complaint: Nurse Denise Valerius, Doctor John/Jane Doe, two John/Jane Doe Nurses and Doctor Sukowaty at Columbia Correctional Institution. Dkt. No. 9-2 at 1. Like the original, the amended complaint sues the defendants in their individual and official capacities. Id.

As the court explained above, the amended complaint does not specify any factual additions or changes other than the three noted in the plaintiff's motion to amend his complaint. The court will not detail the plaintiff's allegations again and will only summarize the allegations of the amended complaint.

The plaintiff alleges that between December 18, 2017 and April 9, 2024, he underwent testing showing symptoms of prediabetes. Id. at ¶20. On January 6, 2018, the plaintiff wrote to the Health Services Unit (HSU) and asked to be placed on a diabetic diet. Id. at ¶¶20, 26. He alleges that one of the Doe nurses did not conduct additional tests or treat his prediabetes. Id. at ¶20. He says that this Doe nurse and the Doe doctor knew about his diabetes risk but failed to provide preventative treatment. Id. at ¶¶20–21.

4

The plaintiff alleges that on January 7, 2018, Nurse Valerius responded to his HSU request, told him to address his issues at his next doctor's appointment and provided him guidelines for healthy food options. Id. at ¶22. The plaintiff asserts that he could not choose these healthier foods because he is in prison, and that the defendants refused to provide them. Id. at ¶¶22, 29.

The plaintiff alleges that on January 18, 2018, he attempted to contact the HSU Manager about his elevated blood sugar levels. Id. at ¶30. He says that someone from the HSU told him not to eat sugar or bread, but the plaintiff could not follow this advice because it would severely limit his daily calories. Id. at ¶31. He says that he filed HSU requests to discuss his blood sugar levels, but that staff told him to discuss it at his next appointment. Id. at ¶32.

The plaintiff alleges that Dr. Sukowaty knew of his high blood sugar and prediabetes as early as June 22, 2021, but failed to provide adequate medical care to prevent him from developing Type 2 Diabetes. Id. at ¶24. He says that she did not provide him a diet plan, even though diabetic diets are available in Wisconsin state prisons. Id. at ¶34. The plaintiff alleges that on April 5, 2024, "two medications were prescribed to [him], Metformin and another medication that was discontinued due to bad side effects." Id. at ¶35. He does not say who prescribed him these medications, but he alleges that Sukowaty contacted him a few days later to inform him that his blood sugar levels remained elevated, and that she had ordered additional testing. Id. at ¶36.

On May 8, 2024, the plaintiff underwent further blood testing that showed that his A1C was elevated, though it had improved because he had

5

Case 2:24-cv-01379-PP    Filed 05/14/25    Page 5 of 8    Document 11

limited his daily intake of carbohydrates and lost thirty pounds. Id. at ¶37. The plaintiff alleges that in July 2024, he was transferred to the Wisconsin Resource Center, where he received a diabetic diet for the first time. Id. at ¶38. He says that his A1C has dropped to below diabetic levels, but that he remains diabetic for life and will need to take medication to manage his symptoms. Id. at ¶¶38–39.

The plaintiff renews his requests for an injunction "ordering the Department of Corrections to follow policies regarding the safety and security of all inmates" and to pay for his medical costs associated with his diabetes management. Id. at ¶¶46–47. He also again seeks $1 million in punitive and compensatory damages against each defendant. Id. at ¶¶48–54.

C. Analysis

For the same reasons the court described in the order screening the original complaint, the amended complaint (which contains nearly identical allegations to the original complaint) states an Eight Amendment claim against each of the five defendants in their individual capacities. Dkt. No. 6 at 6–7 (citing cases). The court will also allow the plaintiff to proceed against only Sukowaty in her official capacity for injunctive relief ordering the Department of Corrections to pay for his future medical costs because "his claims against the other defendants in their official capacities would be duplicative of (that is, the same as) his official-capacity claim against Sukowaty." Id. at 7–9. The plaintiff still may not proceed on his request for an injunction ordering treatment for other incarcerated persons for the reasons the court previously

explained. Id. at 8 (citing Lewis v. Casey, 518 U.S. 343, 349–50 (1996); and Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999)).

The court reminds the plaintiff that he must use discovery to learn the names of the John/Jane Doe defendants. Id. at 9. As the court explained in the first screening order, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions after defendants Valerius and Sukowaty have responded to the amended complaint. The scheduling order also will set a deadline for the plaintiff to identify the Doe defendants and will provide the plaintiff additional information for identifying them. **The plaintiff must not start the process for identifying the Doe defendants until the court has entered the scheduling order.**

## II. Conclusion

The court **GRANTS** the plaintiff's motion for leave to amend his complaint. Dkt. No. 9. The court **DIRECTS** the clerk to docket the proposed amended complaint, Dkt. No. 9-2, which now is the operative complaint.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for service on defendants Denise Valerius and Doctor Sukowaty. Under the informal service agreement, the court **ORDERS** those defendants to respond to the amended complaint within 60 days.

The court **REMINDS** the parties that they must not begin discovery until the court issues a scheduling order setting deadlines for completing discovery and filing dispositive motions.

Dated in Milwaukee, Wisconsin this 14th day of May, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**