UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,

Plaintiff,

v. Case No. 24-cv-1379-pp

DENISE VALERIUS and LAURA SUKOWATY,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 72) AND GRANTING PLAINTIFF'S REQUEST TO RENEW MOTION FOR SUMMARY JUDGMENT**

---

On September 11, 2026, the court issued an order denying without prejudice the plaintiff's motion to appoint counsel and denying his motion for sanctions. Dkt. No. 71. The plaintiff has filed a motion for reconsideration of that order. Dkt. No. 72. He states that he has been in the hospital for damage to his brain and that while he is slowly getting better, he has not had his legal files since July and he doesn't know what his next surgery holds. Id. at 1. The plaintiff asserts that he still forgets facts. Id. Regarding sanctions, the plaintiff states that the DOC *does have* diabetic diets, and he believes that Dr. Sukowaty said that it did. Id. at 2. The plaintiff asks why something wasn't done for his diabetes in 2020. Id. The plaintiff also states that he would like to renew his motion for summary judgment. Id. He asks if discovery is still open, and states that he asked about canteen orders between 2016 and 2023 to show that he had no way to self-select without starving. Id. Finally, the plaintiff

says that he cannot afford envelopes, paper and pens, and that he does not qualify for a legal loan. Id. at 3.

Federal Rule of Civil Procedure 54(b) provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14-C-1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

The court denied the plaintiff's motion for sanctions because he did not submit evidence to support his claim that defendant Sukowaty's declaration contains perjury or that Sukowaty tried to manipulate or confuse the court. Dkt. No. 71 at 3. In their response to the plaintiff's motion for sanctions, the defendants explained that the DOC's "diabetic diet" means an incarcerated individual self-selecting appropriate foods from the regular menu. Dkt. No. 67 at 1. The plaintiff's insistence that the DOC has a diabetic diet does not establish that the court erred in denying his motion for sanctions. The court's order also denied without prejudice the plaintiff's motion to appoint counsel. The court said that even though the plaintiff had injured his head and had neurological surgery, his filings since the incident were still high-quality and persuasive. Id. at 5. The court also reminded the plaintiff that he could renew his prior motion for summary judgment. Id. at 6.

The plaintiff has not shown that the court erred in denying his motion for sanctions and denying without prejudice his motion to appoint counsel. The court will deny his motion for reconsideration.

In his motion, the plaintiff asks to renew his motion for summary judgment. Dkt. No. 72 at 2. The court will grant his request. Discovery is no longer open. The deadline for the defendants to file a motion for summary judgment on the merits is October 16, 2026. Based on the plaintiff's filings, the court believes that the plaintiff can respond to the defendants' motion for summary judgment, if they file one. The court understands that the plaintiff may undergo surgery. If he needs more time to respond to a motion for

summary judgment, he may file a motion for extension of time with the court before the deadline passes.

The plaintiff states that he does not have access to legal supplies. Currently, there is nothing that the plaintiff needs to file in this case. If the defendants file a motion for summary judgment, the court will issue an order setting a deadline for the plaintiff to respond to the motion. If the plaintiff believes that he needs a legal loan for supplies to respond to a motion, he may want to provide prison officials with a copy of the court's order setting a deadline for him to respond.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 72.

The court **GRANTS** the plaintiff's request to renew his motion for summary judgment. Dkt. No. 72. The court **DIRECTS** the clerk's office to **REINSTATE** the plaintiff's summary judgment motion at Dkt. No. 40. The court **ORDERS** that the defendants must respond to the plaintiff's motion and supporting documents (Dkt. Nos. 40-44) by the end of the day on **November 6, 2026**.

Dated in Milwaukee, Wisconsin this 5th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**